Several facts are not in dispute in this matter. One fact is that the victim was stabbed. Another fact is that there was no testimony as to how that happened. Either the defendant reached around and stabbed the victim from the back, or in the melee the injury happened by accident. The majority is willing to go along with the trial court's weighing of all logical probabilities and coming to the conclusion that the defendant must have intentionally caused the injury. I am not.
What is troubling in this matter is that a different theory, sounding in negligence, could just as easily be believed. Two people are rolling around in a fight, one of them is drunk, and a knife is in his pocket. That much is clear. No one seems to know, however, which pocket; or whether it is a pants pocket or a shirt pocket. That is a critical question, and I would suggest this case simply cannot be resolved, beyond a reasonable doubt, without SOMEONE testifying where the knife was before the injury.
The majority's resolution of this matter almost sounds like aper se violation which would hold that if you are drunk, and you have a knife, and someone is hurt, then you must have intended that to happen. That simply is not the law.
The resolution of the question of intent versus negligence cannot be done in a vacuum. The jury needs to weigh all options and then discard the implausible. This jury should have been given all the relevant law as they set about their task. For that to happen, they needed to be instructed on all the crimes which could have been committed, and that includes negligent assault.
The question is not whether this court believes the defendant was guilty of negligent assault. The question, rather, is whether there is evidence in this record, which if believed, could support such a finding by the jury. It is improper to have a trial court judge, or this court, weigh inferences in order to eliminate an alternative explanation for the acts committed by the defendant.
By inference the majority rejects the negligence theory. There is no direct evidence of the defendant ever stabbing anyone. The victim himself could not describe the act. While I may wholeheartedly agree with the majority that a negligence finding in this matter is highly implausible, that does not satisfy the relevant inquiry. The question is more properly "was the jury permitted to weigh that theory?" They were not.